(Not for Publication)                                                                                           (Docket No. 5)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____   :
                                      :
NJWEEDMAN.COM,                        :
                                      :
            Plaintiff,                :     Civil No. 07-2258 (RBK)
                                      :
      v.                              :     **OPINION**
                                      :
ROBERT RASINSKY and THE NEW           :
JERSEY STATE POLICE,                  :
                                      :
            Defendants.               :
_____   :

**KUGLER, United States District Court:**

   This matter comes before the Court on the motion of Defendant New Jersey Division of State Police seeking dismissal of the complaint of Plaintiff NJWEEDMAN.COM on grounds of Eleventh Amendment immunity. Because the New Jersey Division of State Police is immune from suit in this case, the motion is granted.

**I.     BACKGROUND**

   The Court recites the facts in the light most favorable to the non-moving party, Plaintiff NJWEEDMAN.COM, whose real name is Edward Forcion. In the spring of 2005, Plaintiff was running for governor of New Jersey as part of the Legalize Marijuana Party. On May 11, 2005, Plaintiff went to the state capital building. His goal was the press row, which he says is a public section on the third floor of the building reserved for media personnel. Plaintiff wanted to deliver a campaign press release to the media and planned on being in and out of the building in

1

five minutes.

When he tried to enter the state building, Plaintiff was stopped by New Jersey State Police Officer Robert Rasinsky, who, according to Plaintiff, took offense at Plaintiff's T-shirt bearing the phrase "Legalize Cannabis" and a picture of a marijuana leaf. Officer Rasinsky told Plaintiff the building was not open to the public, and he refused to allow Plaintiff to enter without a pass. Plaintiff insisted the building was indeed public. Officer Rasinsky then handcuffed Plaintiff and began to choke him by placing both hands around Plaintiff's neck. The altercation ended when another state trooper appeared and kicked Plaintiff in the groin.

Plaintiff filed the Complaint in this case on May 10, 2007. He alleges that Officer Rasinsky's action violated his First Amendment rights. He also alleges that the New Jersey Division of State Police failed to train its officers properly, particularly with regard to First Amendment rights. On May 30, 2007, Plaintiff moved to amend his complaint to add as Defendants the municipality of Seaside Heights and Seaside Heights Police Officer Fraas. He sought to add these Defendants based on an altercation with the Seaside Heights Police on May 30, 2005 when Plaintiff was on the boardwalk collecting signatures for his campaign for governor. The altercation ended when Plaintiff was arrested, which he claims was again a violation of his First Amendment rights. Magistrate Judge Ann Marie Donio granted Plaintiff's motion to add these amendments to his Complaint on November 21, 2007, allowing Plaintiff ten days to file the amended Complaint. Defendant New Jersey Division of State Police filed a motion to dismiss in lieu of an answer on November 28, 2007. Plaintiff never filed the amended Complaint nor responded to the motion to dismiss. A review of the docket shows that Defendant Rasinsky has not appeared or answered in any way; however, the docket does not reflect if

Defendant Officer Rasinsky was served.

**II.     STANDARD**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations, along with all reasonable inferences that may be drawn from them, as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief.  Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

**III.    DISCUSSION**

Defendant Division of State Police seeks dismissal on Eleventh Amendment immunity, arguing that it is an arm of the state and has not consented to suit.

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought.[1]  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Likewise, absent a waiver of immunity by the state, the Eleventh Amendment precludes federal suits for money damages against states and state officers sued in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  There are three major criteria for determining whether an entity is an arm of the state for the purposes of Eleventh Amendment immunity:  (1) whether the payment of the judgment would come from the

---

[1] The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

state, (2) what status the entity has under state law, and (3) what degree of autonomy the entity has.  Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989) (en banc).

The Division of State Police has been determined to be an arm of the state of New Jersey. Longoria v. New Jersey, 168 F. Supp. 2d 308, 315-16 (D.N.J. 2001); Simmerman v. Corino, 804 F. Supp. 644, 649-50 (D.N.J. 1992), aff'd 16 F.3d 405 (3d Cir. 1993).  As such, it is entitled to Eleventh Amendment immunity in federal court unless it consents to suit, which it has not. Therefore, Eleventh Amendment immunity applies, and Plaintiff's Complaint is dismissed as to Defendant New Jersey Division of State Police.

**IV.   CONCLUSION**

Because Plaintiff could prove no set of facts to surmount Defendant Division of State Police's Eleventh Amendment immunity, the motion to dismiss Plaintiff's Complaint as to this defendant is granted.

Dated:  5-5-08                                  /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge